UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA LEIJA, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-4299 |
| | § | |
| CELADON TRUCKING SERVICES, INC. AND | § | |
| WILLIAM D. SCHULTZ, | § | |
|    *Defendants*. | § | |

## ORDER

This personal injury case is before the Court on Defendants' Motion to Exclude Evidence and Testimony of Dr. Rahman Relating to Evidence of Future Medical Treatment, or in the Alternative Defendants' Motion for Leave to Request Additional Time to Designate Experts (Dtk. 21).[1] The motion is denied.

Defendant seeks to exclude from evidence a June 2, 2017 surgical estimate from Dr. Ra'Kerry Rahman, M.D. in the amount of $138,050.00 produced by Plaintiff for the first time on September 30, 2019, as well as any testimony from Dr. Rahman regarding the estimate. Defendants contend the estimate should have been included in Plaintiff's May 20, 2019 initial disclosures and identified in her May 20, 2019 responses to written discovery.

Plaintiff responds that the June 2, 2017 surgical estimate was not included in the medical and billing records produced to her by Spine and Orthopedic Institute in May 23, 2018 prior to filing suit. However, the surgical recommendation is noted in those records, which were provided to Defendants' claims department as part of a demand package on August 24, 2018, and again as part of Plaintiff's initial disclosures in this case on May 20, 2019. When counsel realized that no

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including final judgment (Dkt. 10).

surgical cost estimate had been produced, she requested it from Spine and Orthopedic Institute on September 17, 2019. Plaintiff produced the surgical cost estimate to Defendants on September 30, 2019, 19 days before Defendants' expert report deadline, and almost three months before the close of discovery. On October 7, 2019, Defendants filed their expert designation of Dr. Gilbert R. Meadows, M.D. and his report. Dkt. 22. Dr. Meadows' report directly addresses the surgical cost estimate. Dkt. 22 at 10.

Federal Rule of Civil Procedure 26(e) provides that a party must supplement or correct its disclosure or discovery response in a timely manner upon learning the disclosure or response is incomplete or incorrect. A party that fails to comply with its Rule 26 duty to supplement may be prevented from using undisclosed evidence at trial. FED. R. CIV. P. 37(c); *Heidtman v. Cnty of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999). In determining whether a party that failed to comply with Rule 26 can use evidence at trial, a court considers (1) the party's explanation for the failure; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice; and (4) the importance of the evidence. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Here, it appears that Plaintiff has complied with her duty under Rule 26. Plaintiff's counsel provided an affidavit regarding the timing and circumstances of the production of the surgical cost estimate. Dkt. 23-2 at 9 - 23-3 at 1. In addition, the Court finds Defendant has not been prejudiced by the late production of the estimate. On September 19, 2019, Plaintiff timely designated Dr. Rahman to testify about reasonable charges for the recommended surgery and produced the cost estimate on September 30, 2019. Defendant's expert, Dr. Meadows, reviewed the estimate and addressed it in his expert report. *See* Dkt. 23 at ¶¶ 13-14 (quoting report). Dr. Meadows's report indicates that he is qualified to give an opinion as to the necessity and reasonableness of the charges reflected in the estimate, and he included his opinions regarding the need for and cost of the surgery

2

in his report. *Id.* In addition, the parties still have time before trial to conduct depositions of Dr. Rahman and Dr. Meadows regarding the need for and cost of future lumbar surgery. Therefore, no extension of time is necessary.

The Defendant has not identified any injury or prejudice resulting from the receipt of the cost estimate for the lumbar surgery on September 19, 2019 as opposed to May 20, 2019. Defendant's expert, Dr. Meadows, reviewed the surgical cost estimate and his report contains opinions regarding the medical necessity of the procedure and reasonableness of the charge. Defendants' Motion (Dkt. 21) is DENIED.

Signed on October 31, 2019, at Houston, Texas.

                                                     Christina A. Bryan
                                        United States Magistrate Judge